[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT — RE: VISITATION AND RELATED ORDERS
It is the order of this court, based on the agreement of the parties, that the Superior Court for the Judicial District of Tolland, at Rockville, Connecticut shall exercise limited jurisdiction in this case, to enter orders regarding parenting time/visitation for the plaintiff, Zbigniew Grabowski with the minor child of the parties, Zbigniew Jakub (Polik) Grabowski; and support orders for said minor child.
This court recognizes the validity of the Polish Divorce Decree dated November 8, 1993. This court defers to that decree for all issues decided by that court, except for support, which the parties agree should be modified in accordance with the Connecticut Child Support guidelines, while the child lives in Connecticut. CT Page 1485
As to the issue of parenting time/visitation, this court shall enter orders regarding that issue, since the Polish Court did not address that issue. The Polish Court did not have any information to make findings regarding parenting time/visitation. The defendant in this action (wife) was the plaintiff in the Polish action. In that action, the husband was represented by a lawyer in Poland.
Both parties agree that a literal translation of the Polish decree regarding custody, states as follows:
 "The Court awards parental powers over the minor child, of both of the parties, Zbigniewen Jkuben Grabowski, born May 28, 1986 to both parties, and simultaneously, the residence is with the mother."
(Partial transcript, Tolland Judicial District, Kaplan, J., December 20, 1993, page 4 — Copy in file).
This court interprets that decree to be the equivalent of joint Custody, primary residence with mother. Visitation for the father must, therefore, be agreed upon between the parties or decided by this Court.
This court also notes that the plaintiff submitted a written agreement to the court (Sferrazza, J.) on December 6, 1993, but on December 20, 1993, plaintiff stipulated that the December 6th order should be vacated, because the defendant had recanted that agreement, and did not appear in court on December 6, 1993. Therefore, the December 6, 1993 order is vacated.
This court will enter final visitation orders, combining the existing agreement of the parties, the December 20 and 21, 1993 orders, and the January 24, 1994 orders. Support orders will be entered on February 14, 1994.
Accordingly, this court ORDERS:
A. The parties shall have joint custody of the minor child (in accordance with Polish Decree),
B. Primary residence shall be with the mother, Joanna Borucinska-Grabowska (in accordance with Polish Decree);
C. Father shall have the following visitation: CT Page 1486
 1. In 1993, the child will spend December 24th with the father, and each odd-numbered year thereafter. Father will pick up child at mother's house at 7 P.M. on December 23rd. Mother will pick up child at father's house at 7:30 P.M. on December 24th. Child will remain with mother through Christmas Day. This will take precedence over any weekend visitation.
 This Christmas Holiday arrangement shall alternate each year. Therefore in 1994 and each even-numbered year thereafter, the child shall stay with the mother from 7 P.M. December 23rd until 7:30 P.M. December 24th, when she shall deliver the child to father's house for Christmas and December vacation.
 2. In alternating years, starting with December 1994, father shall have a one week December vacation with the child from 7:30 P.M. December 24th until January 1st at 6:30 P.M. Mother shall deliver child to father's house and father shall return the child from this visit. Father's December visit shall occur in even years (December, 1994, 1996, etc.). Mother shall keep child from December 24th 7:30 P.M. until January 1st in odd years (December, 1993, 1995, etc.); except if January 1st is on a Friday or Saturday and father's scheduled alternating weekend would include January 2nd or 3rd, he shall have the child with him for his normally scheduled alternating weekend. Otherwise, the Christmas holiday and vacation times shall take precedence over other normal visitation.
 3. In even numbered years, father shall have a February vacation with the child starting in 1994. Father shall pick up the child from school on February 18, 1994 and return him to mother's house on Wednesday, February 23, 1994 at 6:30 P.M. In odd years mother shall have child for February school vacation. This shall take precedence over weekend visits. February vacations shall coincide with the child's school vacation.
 4. Father shall have visitation February 11, 12, 13 (1994) with child.
 The weekends of February 25, 26, 27 and March 4, 5, 6 (1994) child will be with mother. Father's weekends CT Page 1487 shall resume on March 11, 12, and 13 (1994) and continuing on alternating weekends thereafter.
 5. Father shall have the child every Wednesday from after school until 6:30 P.M. Father shall pick up and return child.
 6. Until further order of the court, all weekday, vacation, and weekend visitations shall end at 6:30 P.M. (promptly), when father shall return child to mother's home, except during the summer, when he shall return the child promptly at 8:00 P.M.
 Father shall pick up the child at school at the start of his weekend and vacation visitations. If the child is not in school at the start of the visit, father shall pick up child at mother's home at 4 P.M.
 7. All Monday school legal holidays following father's weekends shall be added to the weekend. Father shall return child at 6:30 P.M. on those Mondays.
 8. If there is a Friday legal holiday before father's weekend, his visit shall begin on Thursday, after school, and end at 6:30 P.M. on Sunday.
9. Easter visitation shall be as follows:
 If Easter Sunday is on father's weekend, he shall have Easter Sunday until 6:30 P.M. In that event, mother shall the child on Easter Friday until 9 A.M. Saturday, when father shall pick up the child.
 If Easter Sunday falls on Mother's weekend, father's shall have Easter Friday from 9 A.M. Friday until 9 A.M. Saturday. He shall pick up and drop off the child.
 10. Each party shall have a two week summer vacation to the exclusion of the other parent. If, however, the mother takes a three-week vacation, with the child, in the summer, then the father shall be entitled to a third week. The father must arrange his summer vacation from work or school to coincide with the child's vacation with him. If father cannot arrange a third week of vacation from work, he may elect to take up to 5 extra days during CT Page 1488 the summer by adding Friday's and/or Monday's to his. weekends in the summer. However, father must arrange to be off from work on those days, to be with his son. If the son has any scheduled activities in the summer on those Fridays and/or Mondays, father shall take the child to his activities. Those days shall not interfere with Mother's vacation with the child.
 Mother shall notify father of her summer vacation plans by May 1st each year. Father shall notify mother by May 8th each year.
 During vacations, as well as other times, the parent with the child shall give the other phone numbers and address where the child can be reached. Each parent shall be entitled to make to, or receive from, the child one phone call or "e-mail" correspondence per week during vacations. If father arranges "e-mail" during vacations, it must be arranged so it is convenient to the mother's schedule and location.
 11. Mother's Day shall always be with mother, and Father's Day with father. There shall be no make-up days for Mother's Day and Father's Day.
 12. Both parties shall be reasonable in trying to accommodate the other in switching days to allow for special events. This shall not be abused by either party.
 13. For May 1994, mother shall be entitled to take child to North Carolina for one week. If this eliminates father's Wednesday visit, he shall be entitled to one Sunday overnight on one of his alternating weekends, and in that case, he shall take the minor child directly to school on Monday. Father shall select which Sunday he wants to do this, an least two weeks in advance. Both parties shall be reasonable in making these arrangements.
 14. If July 4th is not included in either parent's vacation plans in any given year, the father shall be entitled to have the child from 5 P.M. July 3rd to 9 A.M. July 5th in odd years if July 4th is on any day between Monday and Friday. If July 4th falls on a Saturday or Sunday, the parent with that weekend will have the child. CT Page 1489
 15. Starting in 1994 and even years thereafter father shall have the child for visitation from end of school on November 10th, and return the child to mother at 6:30 P.M. November 11th. Mother shall have child November 11th in odd years.
 If November 11th falls on a Friday, Saturday, Sunday, or Monday, the parent with that weekend will also have the child on the holiday.
 16. Starting in 1994 mother shall have child Thanksgiving Day. Father shall have child in odd years for Thanksgiving Day from Thursday 9 A.M. to Thursday 8 P.M. Father shall pick up and return child to mother's home.
 17. Father must return child on weekends and holidays, and at end of vacations at the appropriate time, 6:30 P.M., during the school year and at 8:00 P.M. during summer school vacation. The child must be properly clothed, fed and bathed. Unless the court has set a different time for return father shall return the child promptly at the scheduled time.
 18. Mother must notify father at least 90 days in advance, if she intends to move out of the State of Connecticut with the child.
 19. These orders shall remain in full force and effect, so long as the child resides with mother in the State of Connecticut.
 20. The court will set down a Motion to Modify Support. The parties have agreed to have support established in accordance with Connecticut Support Guidelines, so long as the child lives with mother in Connecticut.
 21. Both parties must file current sworn financial affidavits, with copies of all 1993 tax earning statements, by February 1, 1994.
 A hearing for support shall be held on February 14, 1994 at 9:30 A.M. Both parties must attend.
 22. Support payments shall not be reduced during the first two weeks of the child's summer vacation with mother CT Page 1490 and/or father. Support shall be one-half during any remaining summer vacation weeks with mother and/or father.
 23. These orders shall take precedence over all pendente lite orders. This court hereby defers to the Polish decree for all issues not covered by these orders, which have been addressed by the Polish Decree of November 8, 1993. The Polish Decree is incorporated by reference for enforcement purposes only, pursuant to Connecticut General Statutes 46b-70.
 The parties are therefore divorced in accordance with the Polish Decree, which is recognized by this court.
If the parties agree to abide by these orders, they shall be exempt from the Parent Education Program. If problems arise in the future regarding the parties and the child, the court reserves the right to order the parties to participate in the Parent Education Program.
SO ORDERED,
Jonathan J. Kaplan Superior Court Judge
We hereby agree to the terms of the above orders.
Plaintiff Defendant
Zbigniew Grabowski Joanna Borucinska-Grabowska